**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**Bijan Daneshvar,**

**Plaintiff,**

v. Case No. 04-2212-JWL

**Graphic Technology, Inc. et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

This matter is presently before the court on defendant Sonnenschein Nath & Rosenthal LLP's (hereinafter "Sonnenschein") motion to dismiss plaintiff's complaint (doc. #23). For the reasons set forth below, defendant's motion is granted and plaintiff's case is dismissed as to defendant Sonnenschein.

On November 24, 2004, defendant Sonnenschein filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not file a response to Sonnenschein's motion to dismiss within the time period provided in Local Rule 6.1(e)(2). Thus, the court could have considered and decided Sonnenschein's motion as an uncontested motion and could have granted the motion without further notice to plaintiff. *See* D. Kan. R. 7.4. Nonetheless, in an abundance of caution, the court issued an order directing plaintiff to show good cause in writing to the court, on or before Wednesday, January 12, 2005, why he failed to respond to Sonnenschein's motion to dismiss in a timely fashion. The court further directed plaintiff to respond to the motion to dismiss on or before Wednesday, January 12, 2005. As of the date of this order, plaintiff has not filed a response to the show cause order and has not filed a response

to Sonnenschein's motion to dismiss.

The court concludes that dismissal of plaintiff's complaint is appropriate on the grounds that plaintiff has not responded to the motion to dismiss despite having ample opportunity to do so. In so holding, the court specifically concludes that certain aggravating factors present in this case outweigh the judicial system's strong predisposition to resolve cases on their merits. *See Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (prior to outright dismissal for failure to comply with local court rules, court must consider the degree of actual prejudice to the defendant; the amount of interference with the judicial process; and the culpability of the litigant).

Specifically, the court notes that plaintiff, as of the date of this order, has still not responded to defendant Sonnenschein's motion to dismiss nor has he contacted the court in any way regarding the motion. Plaintiff's failure to respond to the motion in any way and his failure to contact the court in any way demonstrates that his culpability is quite high. *Compare id.* (reversing district court's dismissal on uncontested motion where plaintiff mailed his response more than three days prior to the deadline, demonstrating "little or no culpability on his part in causing the delay") *and Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988) (plaintiff herself was not guilty of any dereliction where plaintiff's counsel overlooked motion and therefore failed to respond, resulting in delay of almost two weeks but, once discovered, responded promptly). Moreover, in such circumstances, denying Sonnenschein's motion would prejudice defendant in terms of continued time spent and expenses incurred on a case in which the plaintiff has shown no interest even after ample notice from the court. Similarly, denying defendant's motion would interfere with the judicial process in terms of docket

management and the need for a finality to litigation. In other words, the court should not have to continue to manage this case on its docket (at least with respect to this defendant) when plaintiff himself has taken no initiative to keep the case on the court's docket. *Compare Murray*, 132 F.3d at 611 (reversing district court's dismissal on uncontested motion where plaintiff's response to motion was received one day after the fifteen-day deadline and no prejudice to defendants could have resulted from this delay, nor could it have caused interference with the judicial process) *and Hancock*, 857 F.2d at 1396 (where plaintiff's counsel overlooked motion and therefore failed to respond, resulting in delay of almost two weeks but, once discovered, responded promptly, defendant would not have been prejudiced in any legal or equitable sense by court's consideration of response and any inconvenience to the court was not so severe a burden as to justify dismissal).

For the foregoing reasons, the court grants defendant Sonnenschein's motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Sonnenschein Nath & Rosenthal LLP's motion to dismiss plaintiff's complaint (doc. #23) is granted and plaintiff's complaint is dismissed in its entirety as to this defendant.

**IT IS SO ORDERED.**

Dated this 13th day of January, 2005, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge