## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Bijan Daneshvar,**

**Plaintiff,**

v.                                                              Case No. 04-2212-JWL

**Graphic Technology, Inc. et al.,**

**Defendants.**

### MEMORANDUM AND ORDER

On November 24, 2004, defendant Sonnenschein filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not file a response to Sonnenschein's motion to dismiss within the time period provided in Local Rule 6.1(e)(2). The court issued an order directing plaintiff to show good cause in writing to the court, on or before January 12, 2005, why he failed to respond to Sonnenschein's motion to dismiss in a timely fashion. Plaintiff failed to respond to the show cause order in any respect. Thus, on January 13, 2005, the court granted Sonnenschein's motion to dismiss.

In the meantime, on December 13, 2004, defendants Graphic Technology, Inc., Nitto Denko Corporation, Lathrop & Gage LC, Craig Anderson, Jennifer Clary, Jay Frankenburg, Eric Hansen, William J. Leonard, Greg Lueks, Marcel Randel, Jennifer Wagner and Marce Welling filed a motion to dismiss plaintiff's complaint. Plaintiff did not file a response to this motion within the requisite time period and the court issued an order directing plaintiff to show good cause in writing to the court, on or before January 24, 2005, why he failed to respond to defendants' motion to dismiss within the time period provided in D. Kan. Rule 6.1(e)(2). The court further

directed plaintiff to file any response to defendants' motion to dismiss on or before January 24, 2005.     On January 24, 2005, plaintiff, proceeding pro se, filed a single response that addresses both show cause orders issued by the court.

A.     *Plaintiff's Claims Against Defendant Sonnenschein, Nath & Rosenthal*

In his response to the show cause order, plaintiff first requests that the court reconsider its order dismissing Sonnenschein as a defendant.  The court declines to do so.  With respect to the motion to dismiss filed by Sonnenschein, plaintiff has failed to show good cause as to why he did not respond to the motion in a timely fashion.  According to plaintiff, he did not respond to the motion to dismiss because he had been out of the country for several weeks.  However, plaintiff has attached to his response an airline ticket receipt indicating that he left the country on December 22, 2004.  Sonnenschein filed their motion to dismiss on November 24, 2004.  Under the pertinent local rules, then, plaintiff's response to that motion was due on Friday, December 17, 2004–before plaintiff ever left the country.   Although plaintiff is proceeding pro se, he nevertheless is obligated to comply with the fundamental requirements of this court's local rules and the Federal Rules of Civil Procedure.  *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  Plaintiff, then, has failed to show good cause for failing to file a timely response to the motion to dismiss and the court will not reconsider its order dismissing Sonnenschein as a defendant in this case.[1]

---

[1]The court notes that dismissal of plaintiff's Title VII complaint as to Sonnenschein is appropriate on the merits as well, as it is undisputed that Sonnenschein is not and never has

B.    *Plaintiff's Claims Against the Remaining Defendants*

The court, then, turns to plaintiff's response as it relates to the remaining defendants' motion to dismiss.[2]   Defendants filed their motion to dismiss on December 13, 2004 and served a copy of the motion on plaintiff via certified mail.   Plaintiff's response to the show cause order indicates that he left the country on December 22, 2004 due to his mother's hospitalization and that he did not pick up his certified mail until January 19, 2005, the day after he returned from his trip.   While this case presents a close call, the court finds that plaintiff has shown good cause for failing to file a timely response to defendants' motion to dismiss.   The court, then, turns to the merits of defendants' motion to dismiss.[3]

1.    Personal Jurisdiction over Defendant Nitto Denko Corporation

Plaintiff identifies Nitto Denko Corporation as a defendant in his complaint.   Nitto Denko

---

been plaintiff's employer.  *See* 42 U.S.C. § 2000e-2(a)(1) (making it unlawful for an "employer" to "refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."). Indeed, plaintiff does not even allege that Sonnenschein is or was his employer.  Rather, Sonnenschein is the law firm that represented plaintiff's employer in a previous case before this court filed by plaintiff against his employer.

[2]While the motion to dismiss is nominally filed on behalf of all remaining defendants, the memorandum filed in support of the motion reveals that defendant Graphic Technology, Inc. is only seeking dismissal of certain aspects of plaintiff's complaint.  This defendant requests permission to file its Answer to plaintiff's complaint after the court has addressed the issues in the motion to dismiss.

[3]For this reason, defendants' motion for order determining defendants' motion to dismiss as uncontested (doc. #33) is denied.

3

Corporation is a foreign corporation with its principal place of business in Tokyo, Japan.   This defendant has a domestic subsidiary and American holding company, Nitto Denko America, Inc., and that entity is the parent corporation of defendant Graphic Technology, Inc. (GTI).   GTI, in turn, is plaintiff's employer.   In other words, Nitto Denko Corporation is two steps removed from plaintiff's employer.   In any event, Nitto Denko Corporation moves to dismiss on the grounds that plaintiff has failed to effect proper service and on the grounds that this court, regardless of plaintiff's service of process, lacks personal jurisdiction over Nitto Denko Corporation.   Because the court concludes that it cannot assert personal jurisdiction over this defendant, it declines to address the service of process argument.

Before a federal court can exercise personal jurisdiction over a defendant in a federal question case such as this one, "the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."   *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000).   Neither of these two prongs is met in the instant case.   First, plaintiff has not shown (or alleged) that any particular statute confers jurisdiction by authorizing service of process over Nitto Denko Corporation.   In fact, the only statute referenced in plaintiff's complaint is Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e et seq.   Title VII, however, does not authorize nationwide service of process.   *See Salemi v. Boccador, Inc.*, 2004 WL 943869, at *1 (S.D.N.Y. Apr. 29, 2004); *Clark v. T-Mobile USA, Inc.*, 2004 WL 743868, at *1 n.3 (N.D. Tex. Apr. 6, 2004).   Second, as explained more fully below, plaintiff's complaint contains no allegations that Nitto Denko Corporation had any contacts whatsoever with

4

Kansas, the forum state. Thus, Nitto Denko Corporation's motion is properly granted.

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant so long as the defendant purposefully established "minimum contacts" with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *accord Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). This standard may be met in two ways. First, a court may exercise specific jurisdiction if a defendant has "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Intercon*, 205 F.3d at 1247 (quoting *Burger King Corp.*, 471 U.S. at 472). Second, a court may exercise general jurisdiction if the defendant's contacts with the forum state, while unrelated to the alleged activities upon which the claims are based, are nonetheless "continuous and systematic." *In re Application to Enforce Administrative Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996); *see also Intercon*, 205 F.3d at 1247 ("When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state.").

A review of plaintiff's complaint and his response to the show cause order[4] reveals that the court cannot exercise general or specific jurisdiction over Nitto Denko Corporation.    With

---

[4]At a scheduling conference before Magistrate Judge O'Hara, plaintiff expressly stated that he intended his response to the show cause order to function as his response to the motion to dismiss as well. *See* Scheduling Order of January 31, 2005 (doc. 39).

respect to the assertion of general jurisdiction over Nitto Denko Corporation, nothing in the record before the court indicates that this defendant has or had any contacts with Kansas that are unrelated to plaintiff's cause of action, much less contacts that are continuous and systematic enough that Nitto Denko Corporation "could reasonably anticipate being haled into court in that forum." *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1543 (10th Cir. 1996) (citations omitted).

With respect to the assertion of specific jurisdiction, there is no allegation suggesting that Nitto Denko Corporation purposefully directed its activities toward Kansas.  In fact, plaintiff's complaint, aside from identifying Nitto Denko Corporation as a defendant and requesting as damages "one year's sales of Nitto Denko of Japan per each year of wasted employment life," makes no reference to this defendant in any respect.  Plaintiff has attached 37 pages of exhibits to his complaint.  While these exhibits include correspondence from Nitto Denko America, Inc. (in response to letters received from plaintiff), the exhibits contain no reference whatsoever to Nitto Denko Corporation.  Plaintiff does reference Nitto Denko Corporation in his response to the show cause order, but the allegations concerning this defendant are insufficient to establish the requisite contacts with Kansas.  While plaintiff alleges that he was fired "by order from Nitto Denko Corporation," he alleges no facts supporting what is otherwise an entirely speculative allegation.  Every allegation concerning the circumstances leading up to plaintiff's discharge concern defendant GTI, his supervisors and coworkers at GTI, and GTI's legal counsel.  Plaintiff also suggests in his response that GTI's legal counsel "receives money" from Nitto Denko

6

Corporation.[5]   Regardless of the truth of this allegation, plaintiff's claims certainly do not arise out of the payment of legal fees to a law firm representing a subsidiary of Nitto Denko Corporation's domestic holding company.   Thus, there is no allegation from which the court could conclude that Nitto Denko Corporation "purposefully directed" its activities toward Kansas and that plaintiff's claims arise out of or relate to those activities.   *See Kuenzle*, 102 F.3d at 456. The exercise of specific jurisdiction, then, is not appropriate.

In conclusion, the court concludes that its exercise of personal jurisdiction over Nitto Denko Corporation with respect to plaintiff's claims arising out of his employment with defendant GTI would violate the requirements of due process.   Accordingly, the court grants Nitto Denko Corporation's motion to dismiss plaintiff's complaint.

2.     Plaintiff's Title VII Claims

The individual defendants move to dismiss plaintiff's Title VII claims as it is well settled in the Tenth Circuit that individuals are not "employers" for purposes of Title VII.   *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) (Title VII liability is appropriately borne by employers, not individual supervisors).   The court agrees and grants the motion to dismiss in this respect.   Moreover, plaintiff's Title VII claims must be dismissed as to defendant Lathrop & Gage LC as there is no allegation in the complaint that Lathrop & Gage is plaintiff's employer or has

---

[5]Actually, plaintiff alleges that the law firm received money from Nitto Denko "Company" as opposed to "Corporation."  It is entirely possible, then, that plaintiff is referring to Nitto Denko of America, Inc.

been his employer at any time.[6]

3.      Remaining Claims

        In his pro se form civil rights complaint, plaintiff identifies "other acts" complained of "in

this action," including "conspiracy," " forgery," "obstruction of justice," "perjury," and "witness

tampering."    The court construes this portion of plaintiff's complaint as asserting additional

discriminatory acts under Title VII as opposed to separate state law claims.   In that regard, plaintiff

has completed a form "Title VII" complaint and he identifies these acts as "conduct complained

of in this action," an action which is strictly a Title VII action.   Defendant GTI (the only remaining

defendant with respect to plaintiff's Title VII claims) moves to dismiss these claims on the

grounds that plaintiff failed to include these acts in the charge of discrimination that he filed with

the EEOC.    However, plaintiff's charge of discrimination is not in the record before the court.

Thus, the court cannot analyze the merits of defendant GTI's motion in this respect and the motion

is denied without prejudice.

        Finally, to the extent plaintiff intends to assert separate state law claims for conspiracy,

forgery, obstruction of justice, perjury or witness tampering, these claims are dismissed as to

defendants Lathrop & Gage and all of the individual defendants given the court's dismissal of

plaintiff's federal claim as to these defendants.   *See* 28 U.S.C. § 1367(c)(3) (providing that the

district court may decline to exercise supplemental jurisdiction over a plaintiff's pendent state

_____

        [6]Plaintiff also asserts Title VII claims against defendant GTI.  As plaintiff's former
employer, GTI concedes that it is a proper defendant with respect to plaintiff's Title VII claims.

claims where the court has dismissed all claims over which it had original jurisdiction); *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").[7]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to dismiss plaintiff's complaint (doc. #26) is **granted in part and denied in part**.  The motion is denied with respect to plaintiff's Title VII claims against defendant Graphic Technology, Inc. and is otherwise granted.  Defendants' motion for order determining defendants' motion to dismiss as uncontested (doc. #33) is **denied.**

**IT IS SO ORDERED.**

Dated this 11th day of February, 2005, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[7]Diversity jurisdiction is not an alternative basis for jurisdiction in this case as plaintiff is a citizen of Kansas and several of the defendants, including defendant Graphic Technology, Inc., are citizens of Kansas. *See Salt Lake Tribune Pub. Co. v. AT&T Corp*., 320 F.3d 1081, 1095-96 (10th Cir. 2003) ("It has long been the rule that to satisfy the diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1) the plaintiffs and defendants must be completely diverse:  No plaintiff can be a citizen of the same state as any defendant.").