IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Bijan Daneshvar,

        Plaintiff,

v.                                                                Case No. 04-2212-JWL

Graphic Technology, Inc.,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff Bijan Daneshvar filed a pro se complaint against numerous defendants alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e et seq.   On December 13, 2004, the defendants filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), (b)(5) and (b)(6).   On February 11, 2005, the court granted in part and denied in part the defendants' motion, with the result that plaintiff's complaint was dismissed as to all defendants except for defendant Graphic Technology, Inc.  (GTI).   The court denied the motion to the extent GTI sought dismissal of certain aspects of plaintiff's complaint for failure to state a claim.

On February 22, 2005, defendant GTI filed another motion seeking to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and, in the alternative, seeking to strike portions of the complaint pursuant to Rule 12(f) and seeking a more definite statement pursuant to Rule 12(e)  (doc. #42).   GTI's motion, then, is the second Rule 12(b) motion filed by this defendant.   As explained below, the motion is untimely and, thus, is barred pursuant to Federal Rule of Civil Procedure 12(g), which requires that all Rule 12(b) defenses be consolidated in a

single motion.[1]

Successive Rule 12(b) motions are governed by Rules 12(g) and 12(h)(2) of the Federal

Rules of Civil Procedure. Rule 12(g) states in relevant part:

> If a party makes a motion under this rule but omits therefrom any defense or
> objection then available to the party which this rule permits to be raised by motion,
> the party shall not thereafter make a motion based on the defense or objection so
> omitted, except a motion as provided in subdivision (h)(2) hereof on any of the
> grounds there stated.

Fed. R. Civ. P. 12(g); *see Travelers Casualty & Surety Co. of Am. v. Unistar Financial Serv.*

*Corp.*, 2002 WL 1019050, at *2 (10th Cir. May 21, 2002) (discussing Rule 12(g)).    Rule

12(h)(2), in turn, states:

> A defense of failure to state a claim upon which relief can be granted, a defense of
> failure to join a party indispensable under Rule 19, and an objection of failure to
> state a legal defense to a claim may be made in any pleading permitted or ordered
> under Rule 7(a), or by motion for judgment on the pleadings, or at trial on the
> merits.

Fed. R. Civ. P. 12(h)(2).    These rules, taken together, prohibit a defendant from raising the defense

of failure to state a claim after filing an initial 12(b) motion to dismiss unless that defense is made

---

[1]While plaintiff does not expressly oppose the motion on the grounds that it is barred
under the federal rules, he does object to the fact that defendant "tries" to file "another
motion" after the court made a decision with respect to defendant's first motion.  He further
expresses concern that defendant will file "a different motion to dismiss based on a different
focus of defendant on a daily basis."  The court, then, construes plaintiff's pro se response to
the motion as opposing the motion on the grounds that it violates Rule 12(g).

in the defendant's answer to the complaint,[2] in a motion for judgment on the pleadings,[3] or at trial. These restrictions upon successive 12(b) motions were imposed to "eliminate unnecessary delay at the pleading stage."    *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1384 (3rd ed. 2004).    In short, Rule 12(g) contemplates a single, pre-answer motion in which the defendant asserts all the Rule 12 defenses that are then available to it and generally precludes a second motion based on any Rule 12 defense or objection that the defendant could have but neglected to raise in the original motion.    *See* Wright & Miller, *supra*, § 1385, at 481.

Defendant GTI has not suggested that the grounds for its current motion to dismiss were not available to it when it filed its earlier 12(b) motion to dismiss.    While GTI states that it "reserved" the right to file a successive motion, defendant simply has no right (and is expressly prohibited under the federal rules) to file a successive motion such that a right could be "reserved" in any event.    In light of the foregoing, defendant's motion is untimely and is barred.    *See Mayfield v. Hayden*, 1991 WL 268845, at *2 (10th Cir. Dec. 11, 1991) (district court erred  in

---

[2]Among other things, Rule 7(a) authorizes replies and answers to complaints, counterclaims, and cross claims.  A motion to dismiss does not constitute a "pleading" for purposes of Rule 7(a). *Zaidi v. Ehrlich*, 732 F.2d 1218, 1219-20 (5th Cir. 1984); *accord Scherer v. City of Merriam*, 2001 WL 1155079, at *2 (D. Kan. Sept. 5, 2001)

[3]Pursuant to Rule 12(c), a party may move for judgment on the pleadings once it has filed its answer. *See* Fed. R. Civ. P. 12(c) (party may move for judgment on the pleadings "after the pleadings are closed").  Because defendant GTI has not yet filed its answer, the court cannot construe the present motion as a motion for judgment on the pleadings.  Moreover, while defendant is entitled to file a Rule 12(c) motion once it has filed its answer, the court seriously doubts that it would grant such a motion, as plaintiff's pro se complaint, at least at first glance, appears sufficient to withstand such a motion.

granting successive motion to dismiss; motion was improperly raised in light of Rule 12(g) and, thus, improperly granted).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss (doc.42) is **denied.**

**IT IS SO ORDERED.**

Dated this 19th day of April, 2005, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge