IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BIJAN DANESHVAR, )
)
Plaintiff, )
)
v. ) Case No. 04-2212-JWL
)
GRAPHIC TECHNOLOGIES, INC., )
)
Defendant. )

**REPORT AND RECOMMENDATION**

This matter comes before the court on the motion of the plaintiff, Bijan Daneshvar, for leave to amend his complaint to name Nitto Denko, N.A., Inc. ("Nitto Denko NA") and Vestcom International, Inc. ("Vestcom") as defendants in this matter (**doc. 68**). The defendant, Graphic Technologies, Inc. ("GTI"), has filed a response (doc. 71). Per the court's order of August 31, 2005 (doc. 72), plaintiff has replied (doc. 73) and defendant has filed supplemental documentation regarding Vestcom's purchase of GTI's assets (doc. 75).

The undersigned's ruling on plaintiff's motion to add Nitto Denko NA and Vestcom will ultimately be dispositive of plaintiff's claims against those entities, in that the practical effect of denying plaintiff's motion will be denial of plaintiff's ability to assert various claims.[1] Therefore, in an abundance of caution, the undersigned treats this seemingly procedural, non-dispositive motion as dispositive, and sets forth the following proposed findings of fact and

[1] *See Bridges v. Metropolitan Life Ins. Co.*, No. 02-2402, 2003 WL 1905987, at *2 (D. Kan. Mar. 24, 2003).

conclusions of law, pursuant to 28 U.S.C. § 636(b)(1)(B), for consideration by the Hon. John W. Lungstrum, Chief Judge. As set forth more fully below, the undersigned recommends that plaintiff's motion to amend be denied by Judge Lungstrum.

This lawsuit arises from plaintiff's allegations that defendant GTI, his former employer, failed to promote plaintiff, subjected him to unequal terms and conditions of employment, retaliated against him, terminated him, and engaged in other acts, all in violation of Title VII of the Civil Rights Act of 1964. As earlier indicted, the proposed amended complaint would add Nitto Denko NA and Vestcom as defendants. Defendant argues that plaintiff's proposed amendment as to each of these entities is futile and untimely, would cause undue delay and undue prejudice to defendant, and is the result of bad faith and dilatory tactics on the part of the plaintiff.

Plaintiff's motion to amend of course is governed by Fed. R. Civ. P. 15(a), which requires that leave to amend "be freely given when justice so requires." Whether leave should be granted is within the trial court's discretion.[2] The factors considered by the court in determining whether to allow amendment of a pleading are undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party or futility of amendment.[3] "A proposed amendment is futile if the

---

[2] *Castleglen v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971)).

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Castleglen*, 984 F.2d at 1585.

complaint, as amended, would be subject to dismissal."[4] In order to determine whether the proposed amendment is futile, this court must analyze plaintiff's proposed amendments as if they were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**Nitto Denko NA**

Apparently, Nitto Denko NA is or was the parent corporation of defendant GTI.[5] Plaintiff is under the impression that defendant GTI claims that it no longer exists and therefore, there is no party responsible or liable for any judgment that may issue in favor of plaintiff. As a result, plaintiff seeks to name Nitto Denko NA so that it will be responsible for any such judgment in the event that defendant GTI is not. Plaintiff misinterprets defendant's statements with respect to the status of its business. Plaintiff has repeatedly stated that he wishes to be reinstated as result of this litigation. Defendant has made clear that reinstatement at GTI is not possible because GTI is effectively out of business. Defendant does not claim that because GTI is out of business, there is no party responsible for any judgment in favor of plaintiff. Defendant simply contends that plaintiff's claims are frivolous and therefore, judgment should not issue in favor of plaintiff. Neither plaintiff's instant motion nor his proposed amended complaint contain any allegations remotely sufficient to warrant piercing

---

[4] *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

[5] Defendant argues that Nitto Denko NA was originally named as a defendant in this matter and that the Hon. John W. Lungstrum, Chief Judge, subsequently dismissed Nitto Denko NA from the case (*see* doc. 41). Actually, Judge Lungstrum dismissed Nitto Denko Corporation, which is Nitto Denko NA's parent company (*see id.*). In the instant motion, plaintiff seeks leave to amend the complaint to add Nitto Denko NA as a defendant, not Nitto Denko Corporation.

the corporate veil between Nitto Denko NA and defendant GTI. Accordingly, the undersigned recommends that Judge Lungstrum deny the instant motion as it relates to Nitto Denko NA as futile because plaintiff has failed to state any claim upon which relief can be granted against Nitto Denko NA.

**Vestcom**

On November 30, 2004, defendant GTI sold its assets to Vestcom. As with Nitto Denko NA, plaintiff seeks to add Vestcom as a defendant in this matter because he believes that defendant GTI claims that it no longer exists and therefore, there is no party responsible or liable for any judgment that may issue in favor of plaintiff. As discussed above, plaintiff misunderstands defendant's statements with respect to this issue. Defendant has provided documentation evidencing the sale of its assets to Vestcom. There is nothing apparent from the record that suggests that Vestcom assumed all of defendant's liabilities as a result of such sale, or otherwise. Plaintiff has not meaningfully challenged defendant's representation to that effect. Thus, as with Nitto Denko NA, the undersigned recommends that Judge Lungstrum deny the instant motion as it relates to Vestcom as futile because plaintiff has failed to state any claim upon which relief can be granted against Vestcom.

Because the undersigned recommends that plaintiff's instant motion be denied as futile, there is no need at this time to address defendant's other arguments.

To recap, the undersigned recommends that plaintiff's motion to amend his complaint **(doc. 68)** be denied. The parties are hereby notified that, within ten days after they are served with a copy of this report and recommendation, they may, pursuant to 28 U.S.C. § 636(b)(1)

and Fed. R. Civ. P. 72, file written objections to the report and recommendation. The parties must file any objections within the ten-day period if they want to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

Copies of the order shall be served on all counsel of record and upon plaintiff.

IT IS SO ORDERED.

Dated this 22nd day of September, 2005, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge