# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Bijan Daneshvar,**

      **Plaintiff,**

v.                                                                                    **Case No. 04-2212-JWL**

**Graphic Technology, Inc.,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Bijan Daneshvar filed a pro se complaint against his former employer alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e et seq.[1] Specifically, plaintiff alleges that defendant discriminated against plaintiff on the basis of his race, which he identifies as "Iranian" and ultimately terminated plaintiff's employment on the basis of his race and in retaliation for filing a charge of discrimination. Defendant maintains that it terminated plaintiff's employment (after first suspending plaintiff pending an investigation) based on its conclusion that plaintiff had sexually harassed a coworker over the course of several weeks. This matter is presently before the court on defendant's motion for summary judgment (doc. #78). For the reasons explained below, defendant's motion is granted in part, denied in part and retained under advisement in part.[2]

---

[1] Although plaintiff initially asserted claims against numerous defendants, the court has previously dismissed all defendants except for defendant Graphic Technology, Inc.

[2] Plaintiff failed to file a response to defendant's motion for summary judgment within the time permitted by the local rules of this court. Thus, the court issued an order directing plaintiff to show good cause why he failed to file a timely response. Plaintiff responded to the show cause order and filed his response to defendant's motion. The court will consider

*Subject Matter Jurisdiction*

The court first addresses the critical threshold issue of whether it has subject matter jurisdiction over plaintiff's claims. It is well established that Title VII requires a plaintiff to exhaust his or her administrative remedies before filing suit. *Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). The Tenth Circuit has held that a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII–not merely a condition precedent to suit. *Id.* (citation omitted). The court, then, lacks subject matter jurisdiction over Title VII claims that are not part of a timely-filed EEOC charge. *Id.*; *Annett v. University of Kansas*, 371 F.3d 1233, 1238 (10th Cir. 2004).

Plaintiff in this case filed two charges of discrimination. Plaintiff filed his first charge in June 2003, alleging that he was "paid a disparate wage in comparison to similarly situated non-Iranian employees." Plaintiff filed his second charge in January 2004, alleging that defendant retaliated against him for filing the first charge by giving him a heavier workload than other

---

plaintiff's response to the motion. Significantly, plaintiff promptly filed his response upon notice from the court and, thus, there has been virtually no interference with the judicial process. Moreover, defendant will suffer no legal or equitable prejudice from the court's consideration of plaintiff's response. *See Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (district court abused discretion in refusing to consider response filed by plaintiff and granting the motion to dismiss as uncontested; plaintiff's response to motion was received one day after the fifteen-day deadline and no prejudice to defendants could have resulted from this delay, nor could it have caused interference with the judicial process); *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988) (district court abused discretion in refusing to consider plaintiff's response and granting defendant's motion as uncontested where plaintiff's counsel overlooked motion and therefore failed to respond, resulting in delay of almost two weeks but, once discovered, responded promptly and defendant would not have been prejudiced in any legal or equitable sense by court's consideration of response).

similarly situated employees and by suspending him from his position.

In his pro se complaint, plaintiff sets forth a multitude of claims, including claims that defendant, on the basis of plaintiff's race and/or in retaliation for plaintiff's filing the first charge, failed to promote him and failed to provide him with "promotional training"; engaged in "conspiracy," "forgery," "obstruction of justice," "purjury" [sic], and "witness tampering"; failed to explain to him the reason for his suspension; failed to pay him all the wages due him at the time of his termination; failed to enroll plaintiff in its COBRA plan in a timely manner; and failed to enroll plaintiff in a "guest membership" program.  Defendant moves for summary judgment on these claims, asserting that plaintiff has failed to exhaust his administrative remedies with respect to these claims.  Plaintiff does not respond to this argument in any respect and directs the court to no evidence suggesting that he asserted these claims at the administrative level.  The court, then, dismisses these claims for lack of subject matter jurisdiction.  *See Shikles*, 426 F.3d at 1317-18 (it is improper for a court to grant summary judgment to a defendant because of a lack of subject matter jurisdiction; proper disposition is to dismiss claims).

Plaintiff also asserts in his complaint a claim based on his discharge, although it is unclear whether plaintiff claims he was discharged based on his status as an Iranian or in retaliation for engaging in protected activity, or both.  While plaintiff's second charge of discrimination sets forth a claim for retaliatory suspension (a claim which plaintiff does not assert in his complaint), the charge does not set forth a claim for retaliatory discharge or discriminatory discharge based on his status as an Iranian.  From the record before the court, then, it does not appear that plaintiff has asserted at the administrative level a claim based on his discharge and somewhat recent

changes in the law indicate that a claim based on his discharge would not be reasonably related to the claims contained in his charges of discrimination. *See Martinez v. Potter*, 347 F.3d 1208 (10th Cir. 2003) (discussing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). While defendant does not address this issue,[3] the court has an independent duty to satisfy itself that it does in fact have jurisdiction over plaintiff's claims. *See Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001). It may be that plaintiff has asserted a claim based on his discharge in an affidavit filed in support of his charge and that defendant therefore concedes that the court has jurisdiction. However, without knowing whether a claim for his discharge has been the subject of a charge of discrimination, the court cannot proceed to consider defendant's arguments that summary judgment is warranted on the merits of plaintiff's discharge claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (rejecting the doctrine of hypothetical jurisdiction and instructing that challenges to Article III jurisdiction must be resolved before a panel may address the merits of the underlying claims).

The parties, then, are directed to submit supplemental briefing limited to the issue of whether the court has subject matter jurisdiction over plaintiff's claims for retaliatory and/or discriminatory discharge on or before January 17, 2006 and the parties may file a response to the

---

[3] Defendant does urge that plaintiff failed to exhaust his administrative remedies with respect to his race discrimination claims, but only on the grounds that plaintiff's claims are actually based on his national origin and plaintiff did not check the "national origin" box in his charge of discrimination, marking instead the "race" discrimination box. The court has previously rejected this argument in a case between these same parties and, for the same reasons, does so again here. *See Daneshvar v. Graphic Tech., Inc.*, 18 F. Supp. 2d 1277, 1284 (D. Kan. 1998) (citing cases).

other party's brief on or before January 27, 2006. Defendant's motion for summary judgment on the merits of plaintiff's discharge claim, as well as plaintiff's response thereto and defendant's reply, are retained under advisement pending resolution of the subject matter jurisdiction issue. If the court determines that it does have jurisdiction over plaintiff's discharge claims, the court will address the merits of those claims without the need for additional briefing on that issue.

*Wage Disparity and Heavier Workload Claims*

The only claims over which the court unquestionably has jurisdiction are plaintiff's claims that defendant paid plaintiff lower wages than it paid similarly situated non-Iranian employees and plaintiff's claim that defendant, in retaliation for plaintiff's filing his first charge of discrimination, assigned plaintiff a heavier workload than other employees. Defendant, however, does not move for summary judgment on the merits of plaintiff's wage disparity claim. Assuming this is merely an oversight, defendant may file a motion for summary judgment on this claim at any time prior to the dispositive motion deadline. With respect to plaintiff's claim that he was assigned a heavier workload, defendant contends that summary judgment is appropriate because there is no evidence in the record that plaintiff was in fact assigned a heavier workload. Plaintiff, in his response, fails to address this claim in any respect and fails to direct the court to any evidence that he was assigned a heavier workload than other employees. The court concludes then that plaintiff has abandoned this claim and grants summary judgment in favor of defendant on this claim. *See Hinsdale v. City of Liberal, Kansas*, 2001 WL 980781, at \*16-17 (10th Cir. 2001) (affirming district court's conclusion that plaintiff had abandoned certain claims by failing to

address those claims in response to the defendant's motion for summary judgment and concluding that the plaintiff's failure to respond was "fatal" to his claims) (citing *Coffey v. Healthtrust, Inc.*, 955 F.2d 1388, 1393 (10th Cir. 1992)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment (doc. 78) is granted in part, denied in part and retained under advisement in part. Specifically, the motion is granted with respect to plaintiff's claim that defendant assigned plaintiff a heavier workload in retaliation for plaintiff's filing a charge of discrimination; is denied with respect to those claims over which the court lacks jurisdiction; and is retained under advisement with respect to plaintiff's discharge claims pending further briefing on the issue of whether the court has subject matter jurisdiction over these claims.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's claims that defendant failed to promote him; failed to provide him with "promotional training"; engaged in "conspiracy," "forgery," "obstruction of justice," "purjury" [sic], and "witness tampering"; failed to explain to him the reason for his suspension; failed to pay him all the wages due him at the time of his termination; failed to enroll plaintiff in its COBRA plan in a timely manner; and failed to enroll plaintiff in a "guest membership" program are dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED BY THE COURT THAT** the parties are directed to file supplemental briefing limited to the issue of whether the court has subject matter jurisdiction over

plaintiff's claims for retaliatory and/or discriminatory discharge on or before January 17, 2006 and the parties may file a response to the other party's brief on or before January 27, 2006.

**IT IS SO ORDERED.**

Dated this 3rd day of January, 2006, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
