IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Bijan Daneshvar,**

        **Plaintiff,**

v.                                   **Case No. 04-2212-JWL**

**Graphic Technology, Inc.,**

        **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Bijan Daneshvar filed a pro se complaint against his former employer alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e et seq. Defendant previously filed a motion for summary judgment which the court granted in part, denied in part and retained under advisement in part. It retained the motion under advisement to the extent defendant sought summary judgment on the merits of plaintiff's discriminatory and retaliatory discharge claims pending further briefing regarding whether the court had subject matter jurisdiction over plaintiff's discharge claims. The parties have now submitted additional briefing on this issue. For the reasons set forth below, the court now denies defendant's motion for summary judgment on the merits of the discharge claims and dismisses those claims for lack of subject matter jurisdiction.

As the court summarized in its previous order, plaintiff alleges in his pro so complaint that defendant terminated his employment on the basis of his race, which he identifies as "Iranian," and in retaliation for filing a charge of discrimination. Plaintiff, however, did not assert a discharge claim in either of his two charges of discrimination and, as the parties' supplemental briefing

clarifies, he did not assert a discharge claim in any verified affidavit filed with the EEOC. Plaintiff suggests that the court may still consider the merits of his discharge claims because those claims are reasonably related to his retaliatory suspension claim–a claim that he did present at the administrative level. While the Tenth Circuit previously excused the exhaustion requirement for acts "reasonably related" to the acts included in the administrative charge, *see*, *e.g.*, *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir. 1997), that doctrine has been abrogated by more recent case law.[1] As the Tenth Circuit explained in *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003), "unexhausted claims involving discrete employment actions are no longer viable" in light of the Supreme Court's decision in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Under *Morgan*, each discrete incident of discrimination constitutes a separate actionable unlawful employment practice and, thus, a plaintiff must exhaust his or her remedies with respect to each act. *See id.* at 1210-11 ("The rule in *Morgan* requires a . . . plaintiff to exhaust administrative remedies for each individual discriminatory or retaliatory act.").

The facts in *Martinez* mirror the facts here in all pertinent respects. In *Martinez*, the plaintiff sought to challenge in court his April 2001 discharge. *See id*. at 1210. Plaintiff had filed

---

[1] As Judge Tacha succinctly explained in an unpublished opinion:

> Prior to 2002, Tenth Circuit law allowed a party to include in a civil claim those acts that were "like or reasonably related to the allegation of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC." *Ingels*, 42 F.3d at 625. Whatever the exact scope of that rule was, it is no longer the law.

*Tucker v. Colorado Dept. of Public Health & Env't*, 2004 WL 1632805 (10th Cir. July 22, 2004).

a formal complaint of discrimination at the agency level in June 1999 but never filed a formal EEO complaint about his discharge. *See id.* Relying on the Supreme Court's decision in *Morgan*, the Tenth Circuit expressly held that the plaintiff was barred from challenging his discharge because the discharge was a discrete act requiring exhaustion of administrative remedies and the plaintiff had not sought an administrative remedy for his discharge. *See id.* at 1211. *Martinez*, then, mandates the dismissal of plaintiff's discharge claims because it is undisputed that he has not exhausted his administrative remedies with respect to those claims. *See Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (Title VII requires a plaintiff to exhaust his administrative remedies before filing suit and the district court lacks subject matter jurisdiction over Title VII claims that are not part of a timely-filed charge).

**IT IS THEREFORE ORDERED BY THE COURT THAT** that portion of defendant's motion for summary judgment (doc. 78) that was previously retained under advisement is now denied and the court dismisses plaintiff's discharge claims for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated this 1st day of February, 2006, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
