**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

**Bijan Daneshvar,**

        **Plaintiff,**

v.                                          **Case No. 04-2212-JWL**

**Graphic Technology, Inc.,**

        **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Bijan Daneshvar filed a pro se complaint against his former employer alleging numerous violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  In previous orders, the court dismissed for lack of subject matter jurisdiction several claims asserted by plaintiff, including plaintiff's wrongful discharge claim, and granted summary judgment in favor of defendant on all other claims, including plaintiff's disparate wage claim.  *See Daneshvar v. Graphic Tech., Inc.*,  433 F. Supp. 2d 1244 (D. Kan. 2006); *Daneshvar v. Graphic Tech., Inc.*, 2006 WL 266603 (D. Kan. Feb. 1, 2006); *Daneshvar v. Graphic Tech., Inc.*, 2006 WL 14565 (D. Kan. Jan. 3, 2006).

Plaintiff appealed to the Tenth Circuit, asserting that this court erred in dismissing plaintiff's wrongful discharge for failure to exhaust administrative remedies and considering certain affidavits in granting summary judgment on his disparate wage claim.  On May 15, 2007, the Circuit affirmed this court's judgment, concluding that the court properly dismissed plaintiff's wrongful discharge claim and properly relied on the affidavits.  The mandate issued on June 6, 2007.

On June 4, 2007, plaintiff filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) "on the grounds of newly discovered evidence, conspiracy, perjury, forgery and fraud." In his motion, plaintiff contends that certain evidence which could not have been discovered in time to seek relief under Rule 59(e) shows that summary judgment should not have been granted and that defendant and its counsel have committed fraud. This matter, then, is presently before the court on plaintiff's Rule 60(b) motion and, as explained below, that motion is denied.

A district court may consider a Rule 60(b) motion to reopen a decision that has been affirmed on appeal when the basis for the motion was not before the appellate court or resolved on appeal. *FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1273 (10th Cir. 1998) (citing *Standard Oil Co. of Calif. v. United States*, 429 U.S. 17, 18-19 (1976)). Nonetheless, Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Id.* at 1272 (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996)). Without exception, the arguments and evidence presented by plaintiff in his Rule 60(b) motion could have been–and should have been–presented in response to defendant's motion for summary judgment. While plaintiff asserts that the evidence is "newly" discovered, he does not support that contention with any facts and a review of plaintiff's motion and supporting memorandum reveals that the motion is based on evidence that has been in plaintiff's possession since at least the summary judgment stage. *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, ___ F.3d ___, 2007 WL 1895471, at *4 (10th Cir. July 3,

2

2007) (no abuse of discretion in denying Rule 60(b) motion where evidence was "known or discoverable before the court entered summary judgment" in favor of defendant).[1]  Moreover, while plaintiff baldly asserts that defendant and its counsel have engaged in misconduct, including fraud, by fabricating documents and submitting perjured testimony, plaintiff does not support those conclusory assertions with any specific facts whatsoever.  *See Zurich North America v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290-91 (10th Cir. 2005) (a party relying on Rule 60(b)(3) must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation).  Plaintiff, then, has not shown exceptional circumstances warranting relief from judgment and the motion is therefore denied.  *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (doc. 127) is denied.

**IT IS SO ORDERED.**

---

[1]To the extent plaintiff's motion is supported by the affidavit of his daughter, that affidavit, while only recently obtained, is not "new" for purposes of Rule 60(b). *See Farmland Indus., Inc. v. National Union Fire Ins. Co.*, 2004 WL 2958458, at *2 (D. Kan. Dec. 16, 2004) (plaintiff's belated attainment of affidavit is not newly discovered evidence because plaintiff could have obtained the affidavit prior to the court's decision granting summary judgment).

Dated this 17th day of July, 2007, at Kansas City, Kansas.


                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge